IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:14-CR-00241-P |
| v. | |
| LATONYA CHRISTINA MALVERN A.K.A. LATONYA LEE | |

PLEA AGREEMENT

Latonya Christina Malvern, ("Defendant"), Gabriel Reyes, ("Defendant's attorney"), and the United States of America ("Government"), agree as follows:

1.   Rights of the Defendant: Defendant understands that she has the following rights:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have her guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in her defense; and

    e.    against compelled self-incrimination.

2.   Waiver of Rights and Plea of Guilty: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the Indictment charging a violation of 18 U.S.C. § 1029(a)(2), Use of Unauthorized Access Device. Defendant understands the nature and elements of the crimes to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3.  Sentence: The maximum penalties the Court can impose for Count One of the Indictment include:

    a.  imprisonment for a period of not more than 10 years;

    b.  a fine not to exceed $250,000, or twice any pecuniary gain to Defendant or loss to the victims on each count;

    c.  a term of supervised release of not more than three years, which may follow any term of imprisonment. If Defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.  a mandatory special assessment of $100 on each count;

    e.  restitution to victims or to the community, which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.  costs of incarceration and supervision.

4.  Sentencing agreement: Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties agree that the appropriate term of imprisonment ~~should be no more than 48~~ is between 0 – 48 -LM, dt months' imprisonment. If the Court accepts this plea agreement, this provision is binding on the Court. Other than the agreed term of imprisonment, the Court remains free to determine the sentence it deems appropriate under the advisory United States Sentencing Guidelines. and 18 U.S.C. § 3553 -LM, dt

5.  Rejection of agreement: Pursuant to Rule 11(c)(5), Fed. R. Crim. P., if the Court rejects this plea agreement, Defendant will be allowed to withdraw her guilty plea. If Defendant declines to withdraw her guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6.     Court's Sentencing Discretion and Role of the Guidelines: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Defendant understands that her ability to withdraw her plea of guilty is limited to provisions contained in paragraph 5 of this agreement.

7.     Mandatory special assessment:  Defendant agrees to pay to the U.S. District Clerk the amount of $100 for each Count, in satisfaction of the mandatory special assessment in this case.

8.     Defendant's Agreement: Defendant shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.  Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court.  Defendant fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full

and immediately enforceable financial obligation. Defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

9.      Government's Agreement: The Government will not bring any additional charges against Defendant based upon the conduct underlying and related to Defendant's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Indictment. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

10.      Violation of Agreement: Defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant and others for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any (or because the judge rejects the plea agreement) reason other than a finding that it was involuntary, Defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

11.      Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

**Plea Agreement - Page 4**

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose apart from those set forth in this plea agreement.

12.     Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence: Defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.     Representation of Counsel: Defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[NOTHING FURTHER ON THIS PAGE]

14.   Entirety of Agreement:   This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

Agreed to and signed this __10__ day of __December__, 2014.


SARAH R. SALDAÑA
UNITED STATES ATTORNEY


JENNIFER TOURJÉ
Deputy Criminal Chief

A. JENNIFER BRAY
Special Assistant United States Attorney
Texas State Bar No. 00795844
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214-659-8674
Fax: 214-659-8809
Email: jennifer.bray@usdoj.gov

CHAD MEACHAM
Criminal Chief


LATONYA CHRISTINA MALVERN
Defendant

GABRIEL REYES
Attorney for Defendant


**Plea Agreement - Page 6**

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

LATONYA CHRISTINA MALVERN
Defendant

12-10-14
Date


I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

GABRIEL REYES
Attorney for Defendant

12/10/2014
Date


**Plea Agreement - Page 7**